**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Daniel Wayne Parris, | ) | |
|             Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:16-cv-03936-JMC |
| | ) | |
| Nancy A. Berryhill, | ) | **ORDER AND OPINION** |
| Acting Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
|             Defendant. | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 19), recommending that the Commissioner's Decision be reversed and the matter remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with the Report. For the reasons stated below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 19).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Report (ECF No. 19) is accurate, and the court adopts this summary as its own. Subsequently, the court will only recite herein, procedures pertinent to the court's review of the Report (ECF No. 19). On January 19, 2017, Magistrate Judge Thomas E. Rogers, III filed the Report (ECF No. 19) and on January 29, 2018, the Commissioner timely filed an Objection (ECF No. 22). On February 12, 2018, Plaintiff replied to the Commissioner's Objection. (ECF No. 24.)

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn Colvin as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

## II.     JURISDICTION

The court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g) which gives the court jurisdiction over a review of a final decision of the Commissioner of Social Security.

## III.    LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

## IV.     ANALYSIS

The Commissioner specifically objects to the " . . . Report's finding that substantial evidence does not support the ALJ's finding that there were a significant number of jobs in the national economy that Plaintiff could perform." (ECF No. 22 at 2.) The Commissioner asserts that "[ ], to the extent that the ALJ did not explicitly ask the VE [Vocational Expert] about apparent conflicts between the DOT [Dictionary of Occupational Titles] and the identified jobs, remand would be futile[, because Plaintiff would be able to do one of the jobs listed by the VE]." (*Id.* at 3.) The Commissioner also asserts that "[o]nly one job existing in significant numbers in the national economy that Plaintiff could perform needs to be identified in order for the Commissioner to meet her step-five burden." (*Id.* at 2-3); *see* 20 C.F.R. §§ 404.1566(b), 416.966(b).

The VE testified that Plaintiff could perform unskilled medium work such as being a production helper (DOT # 529.686-070), general laborer (DOT # 732.687-030), or warehouse worker (DOT # 922.687-058). (ECF No. 7-2 at 56.) In testifying to Plaintiff's ability to perform

these jobs, the VE considered Plaintiff's age, education, work experience, and skillset, and limited his consideration to jobs not requiring depth perception or nighttime vision, jobs that are limited to one or two step tasks, and jobs that do not require interaction with the public. (*Id.* at 55-56.)

In this case, there is an apparent conflict between the jobs that the VE testified Plaintiff could perform given his limitations, and the DOT. (*See* ECF No. 19 at 20.) Plaintiff was limited to jobs that did not require depth perception, yet according to DOT information for general laborers and warehouse workers, both of these jobs require frequent depth perception. *See* DICOT 732.687-030 (LABORER, Fabrication And Repair Of Sporting Goods), 1991 WL 679882; DICOT 922.687-058 (LABORER, Stores), 1991 WL 688132. The ALJ did not address these conflicts, stating:

> The vocational expert did not articulate that her testimony conflicts with the information in the DOT. Furthermore, I have identified no additional inconsistencies between the vocational expert's testimony and the information in the DOT that require reconciliation under the guidance of SSR 00-4P. (ECF No. 7-2 at 39.)

In addition, the ALJ never asked the VE whether her testimony conflicted with the DOT or for an explanation regarding the apparent conflict; thus the conflict remains unresolved.

"When there is an apparent unresolved conflict[2] between VE or VS [Vocational Specialist] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." *Policy Interpretation Ruling: Titles II & XVI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions*,

---

[2] *See Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015) ("[ ] the context of the word 'apparent' in SSR 00–4[P] makes plain that the Ruling intends the [ ] meaning—that the ALJ must identify where the expert's testimony seems to, but does not necessarily, conflict with the [DOT].")

3

Social Security Ruling (SSR) 00–4P, 2000 WL 1898704 (Dec. 4, 2000), at *2 (hereinafter "SSR 00-4P"). Moreover, an ALJ is required to independently identify potential conflicts between the VE's testimony and the DOT, even if the VE states that his or her testimony is consistent with the DOT. *See Pearson*, 810 F.3d at 208-09 (4th Cir. 2015) (finding that an ALJ must ask whether the VE's testimony conflicts with the DOT, but must also independently identify conflicts between the VE's testimony and the DOT if the VE does identify any conflict).[3]

The Commissioner asserts that Plaintiff is still able to perform the job of a production helper, DICOT 529.686-070 (PRODUCTION HELPER, Food, Tobacco and Related Products), 1991 WL 674732, which requires no depth perception, and that the Commissioner only needs to show that one job exists in the national economy in order to carry her burden at step five of the disability determination. (ECF No. 22 at 2-3); *see* § 404.1566(b) ("[w]ork exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications.") However, SSR 00-4P clearly states that the ALJ has an "affirmative responsibility" to ask about any possible conflicts before making a decision. 2000 WL 1898704, at *4. The Commissioner has the burden of proving that there are jobs in the national economy that Plaintiff can perform given his limitations, and two of the three jobs listed conflict with Plaintiff's residual functional capacity ("RFC") finding. (*See* ECF No. 7-2 at 21.) The fact that Plaintiff is able to do one of the jobs listed by the VE does not excuse the ALJ's failure to ask the

---

[3] *See also* SSR 00-4P. 2000 WL 1898704, at *1 ("[the purpose of this ruling is that] before relying on VE or VS evidence to support a disability determination or decision, [the adjudicator] must: identify and obtain a reasonable explanation for any conflicts between occupational evidence presented by VEs or VSs and information in the [DOT] including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), [and explain how the conflict was resolved].").

VE whether there were any conflicts between her testimony and the DOT.

The VE's testimony cannot provide substantial evidence for an ALJ's decision if the ALJ fails to elicit whether the testimony conflicts with the DOT. *See Pearson*, 810 F.3d at 209-10 ("[a]n expert's testimony that apparently conflicts with the Dictionary can only provide substantial evidence if the ALJ has received [an] explanation [as to whether the expert's testimony conflicts with the DOT] from the expert and determined that the explanation is reasonable and provides a basis for relying on the testimony rather than the Dictionary."). In addition, it is the ALJ's duty to "fully develop the record" and this includes inquiring whether the VE's testimony is consistent with the DOT. SSR 00-4P, 2000 WL 1898704, at *2; *see also Pearson*, 810 F.3d at 210 ("[a]n ALJ has not fully developed the record if it contains an unresolved conflict between the expert's testimony and the Dictionary."). Thus, the ALJ's failure to elicit any testimony regarding whether the VE's testimony conflicted with the DOT, and the ALJ's ultimate failure to resolve the conflicts present in this matter do not allow the court to meaningfully review the ALJ's Decision.

## V. CONCLUSION

For the reasons stated above, the court **ACCEPTS** the Report (ECF No. 19) **REVERSING** the Commissioner's Decision and **REMANDING** the matter to the Commissioner pursuant to sentence four of 42 U.S.C. Section 405(g) for further proceedings in accordance with the Report (ECF No. 19).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 23, 2018
Columbia, South Carolina