# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Daniel Wayne Parris, ) | Civil Action No.: 4:16-cv-03936-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant Commissioner of the Social Security Administration's Motion to Alter Judgment ("the Commissioner") in which the Commissioner requests that the court enter summary judgment in her favor. (ECF No. 28.) The Commissioner seeks review of the court's February 23, 2018 Order (ECF No. 26), which accepted the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 19), reversed the Commissioner's Decision, and remanded the matter for further proceedings. (ECF No. 28.) For the reasons stated herein, the court **DENIES** the Commissioner's Motion to Alter Judgment (ECF No. 28).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court adopts its prior recitation of the facts from its February 2018 Order (ECF No. 26). On February 23, 2018, because the Report accurately summarized the law and correctly applied it to the instant case, this court accepted the Magistrate Judge's Report, reversed the Commissioner's Decision, and remanded the matter to the Commissioner for further proceedings. (*Id*.) The court agreed that the Administrative Law Judge ("ALJ") failed to elicit a reasonable explanation for the unresolved conflict between the Vocational Expert's testimony and the

1

Dictionary of Occupational Titles, and therefore, the court could not conduct a proper review based on the record presented. (*Id.* at 3.)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 59(e), a court may "alter or amend [a] judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)). The moving party has the burden to establish one of these three grounds in order to obtain relief under Rule 59(e). *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to Rule 59(e) is within the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). Importantly, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted).

## III. DISCUSSION

Under *Robinson*, a party must have established one of three grounds in order to obtain relief under Rule 59(e). 599 F.3d at 412. Because neither an intervening change in law nor new evidence that was not available at trial is present in this case (*see* ECF No. 28), the court considers whether the Commissioner has established that there has been a clear error of law or manifest injustice.

In its Motion to Alter Judgment, the Commissioner argues that the court committed a clear error of law because the ALJ error identified by the court is clearly harmless. (ECF No. 28-1 at 3.) The Commissioner argues that substantial evidence supports the ALJ's decision as there is another

2

occupation that exists in significant numbers in the national economy. (*Id*.) Contrary to the Commissioner's argument, the United States Court of Appeals for the Fourth Circuit has made it clear that an ALJ has a duty to resolve any apparent conflicts in order to fully develop the record. *Pearson v. Colvin*, 810 F.3d 204, 210 (4th Cir. 2015). In *Pearson*, the Fourth Circuit stated:

> We have long recognized that the administrative hearing process is not an adversarial one, and an ALJ has a duty to investigate the facts and develop the record independent of the claimant or his counsel. *See Cook v. Heckler*, 783 F.2d 1168, 1173–74 (4th Cir. 1986). An ALJ has not fully developed the record if it contains an unresolved conflict between the expert's testimony and the Dictionary. Nor has the ALJ fulfilled this duty if he ignores an apparent conflict because the expert testified that no conflict existed.

810 F.3d at 210. If the court were to grant the Commissioner's Motion, then the burden to resolve apparent conflicts would be shifted from the ALJ to the claimant. As this court noted in its February Order:

> However, SSR 00-4P clearly states that the ALJ has an 'affirmative responsibility' to ask about any possible conflicts *before making a decision*. 2000 WL 1898704, at *4. . . . *The fact that Plaintiff is able to do one of the jobs listed by the VE does not excuse the ALJ's failure* to ask the VE whether there were any conflicts between her testimony and the DOT. The VE's testimony cannot provide substantial evidence for an ALJ's decision if the ALJ fails to elicit whether the testimony conflicts with the DOT.

(ECF No. 26 at 4–5 (emphasis added).) The error committed by the ALJ is not clearly harmless because the ALJ failed to fully develop the record. (*Id.* at 5.) Therefore, the ALJ may not have reached the same conclusion notwithstanding his initial error.

The Commissioner argues that the case *Weaver v. Colvin*, C/A No. 1:12-cv-02870-JMC, 2014 WL 1320009, (D.S.C. Mar. 31, 2014), supports its argument. (ECF No. 28-1 at 3.) However, *Weaver* is inapplicable to the matter here because in *Weaver* there were no allegations that the ALJ had failed to fully develop the record. 2014 WL 1320009, at *2. Because the court did not commit

3

a clear error of law in accepting the Report in its February Order and reversing the Commissioner's Decision, the court affirms its Order.

## IV. CONCLUSION

After careful consideration of the Commissioner's arguments, and for the reasons set forth above, the court **DENIES** the Commissioner's Motion to Alter Judgment (ECF No. 28).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 10, 2018
Columbia, South Carolina